# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERNEST MOORER,

    Plaintiff,

    v.

RICHARD E. ARTISON, et al.

    Defendants.

Case No. 11-C-630

## DECISION AND ORDER

On June 29, 2011, Ernest Moorer filed a civil complaint. He apparently disagrees with actions of the United States District Court for the Eastern District of Wisconsin in previous lawsuits. The plaintiff also disputes the manner in which defendant Richard E. Artison was allowed to make decisions regarding the plaintiff's Veterans' Administration claim. While the plaintiff's complaint is not lengthy, it is incoherent. The court is unable to decipher exactly what claims the plaintiff is alleging and against which defendants he is alleging them. Several of the defendants are not named in the body of the complaint. This matter comes before the court on the plaintiff's motion to proceed in forma pauperis.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to insure that indigent litigants have meaningful access to the federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). To that end, § 1915(a) allows an indigent party to commence an action in federal court without having to pay costs and fees upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action,

defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. §1915(a)(1). Access is not unlimited however. Congress recognized that some nonpaying litigants would try to abuse the privilege. Accordingly, it authorized the courts to dismiss a claim filed in forma pauperis if the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The plaintiff has submitted an affidavit of indigence which indicates that his monthly income is $2,673.00. The plaintiff was last employed in 2007 and had a monthly income of $767.00. The plaintiff also reports that his rent is $475.00 and that he has alimony and/or court-ordered child support of $300.00 per month. Additionally, the plaintiff pays $121.00 per year for renter's insurance, $45.00 per month for telephone services and an unspecified amount for food and transportation. The plaintiff also indicates that he has cash or checking, savings or other similar accounts, but that he does not know how much money is in the accounts because he has a conservator. His affidavit of indigence evidences an ability to pay the filing fee, but it does not appear to be complete. For example, the plaintiff does not indicate how much he pays for food or transportation and he reports that the only utility bill he pays is his $45.00 per month telephone bill. Moreover, the plaintiff has a conservator and, therefore, he does not know how much cash or money in checking, savings or similar accounts he may have. Accordingly, based on the current information in the plaintiff's affidavit of indigence, he does not meet the poverty requirements of 28 U.S.C. § 1915(a).

In addition to determining whether the plaintiff meets the poverty requirements of 28 U.S.C. § 1915(a), the court must also determine whether the complaint is frivolous. A complaint is frivolous if it has no arguable basis in law or fact or if the petitioner is unable to

make any rational argument in law or fact that would entitle him to relief. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke, 490 U.S. at 325. The court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless.

In this case, the claims of the plaintiff may very well be frivolous. The plaintiff's claim is rambling and unintelligible. Nonetheless, although difficult to decipher, the complaint does not appear to state a federal claim and there also does not appear to be diversity of citizenship of the parties." A district judge has the authority to dismiss a complaint because it is confusing, though only in rare case would he be justified in dismissing it on this ground with prejudice, thus barring the filing of an amended complaint." Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co., 412 F.3d 745, 749 (7th Cir. 2005) (internal citations omitted). Although a confusing pleading is not ordinarily a fatal defect, "it can become one if despite repeated attempts the plaintiff is unable to draft an intelligible complaint." Id.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). In this case, the complaint fails to give the defendants notice of the claim and the grounds upon which it rests. Thus, the complaint in this case will be dismissed without prejudice.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed in forma pauperis be and hereby is **denied without prejudice**.

-3-

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed** without prejudice.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 26th day of October, 2011.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge